IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ANDREA GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF NEW MEXICO, a Body Corporate of the State of New Mexico for Itself and Its Public Operations, Including University of New Mexico Health Sciences Center, and Its Components, and THE UNIVERSITY OF NEW MEXICO HOSPITAL,<br><br>    Defendant. | Civil Action No. 1:24-CV-01067<br><br>**JURY DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff, Andrea Garcia, files this Complaint and Jury Demand against Defendant, The Regents of the University of New Mexico ("UNMH"), alleging willful violation of the Family and Medical Leave Act. For causes of action, Plaintiff would show the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff Andrea Garcia is a resident of Bernalillo County, New Mexico.

2.  Defendant UNMH is a body corporate of the State of New Mexico for itself and its public operations, including University of New Mexico Health Sciences Center, and its components, and the University of New Mexico Hospital. This Defendant may be served by serving the President of the Board of Regents, MSC05 3200, 1 University of New Mexico, Albuquerque, New Mexico 87131 and the Attorney General of the State of New Mexico.

3.  This Court has jurisdiction to hear the merits of Garcia's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a).

4. Venue is proper in this district and division under 42 U.S.C. §12117(a) (incorporating 42 U.S.C. §2000e-5(f)(3)) and 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in Bernalillo County, New Mexico.

## FACTUAL BACKGROUND

5. Plaintiff, Andrea Garcia, has worked in mental health care for 17 years. Garcia started working as a social worker at the Metropolitan Detention Center ("MDC") in Bernalillo County starting in June 2021.

6. MDC is operated by Bernalillo County. However, medical care at the facility has been outsourced to other entities for years.

7. In the four years since Garcia was hired, Bernalillo County cycled through numerous contractors to conduct medical services at MDC. From 2021 to 2023, Garcia worked at MDC with the same job duties first for Centurion Detention Services, LLC and, when the contract was handed over a year later, for Corizon (now known as "YesCare").

8. During the 12 months prior to July 26, 2023, Garcia was working fulltime for YesCare at MDC and had worked at least 1,250 hours.

9. In the summer of 2023, Bernalillo County once again handed over medical care services from YesCare to UNMH.

10. This time, because the two entities were public, Bernalillo County did not create a traditional vendor-vendee contract as it would with a private entity. Instead, it created a Joint Power Agreement ("JPA") with UNMH. However, the effect on the ground was the same – UNMH would take over the responsibility for medical services to inmates at MDC in exchange for funding from the County. Just like YesCare before it, the JPA required UNMH to provide medical, dental, mental health, and psychiatric services to inmates at MDC.[1]

---

[1] Even the amount that Bernalillo County would pay UNMH for the same services was anchored by the amount that Bernalillo County "funded to its most recently retained private mental health and medical services provider" (in this case, YesCare).

11. After the JPA was signed, UNMH retained a large majority of employees who worked for YesCare to continue working under its management at MDC. Much of the front-line supervision remained the same, as well.

12. UNMH continued providing the same services to MDC at the same location as YesCare did previously.

13. The jobs and working conditions offered at MDC were substantially similar under UNM's new management to those that existed under YesCare.

14. As part of the handover, UNMH offered most of the YesCare employees the opportunity to continue in their positions. UNMH offered Garcia the position of "full time, full benefits Counselor Social Wkr Clin" by email from Renee Silos of UNMH on May 16, 2023. The job description mirrored Garcias's job description doing the same work for YesCare. Silos also sent Garcia an offer letter on June 27, 2023 for the same position. Garcia was officially hired by UNMH on July 26, 2023 as a "Full Time, 1.0, benefit eligible Social Wkr Cln" for Defendant's Metropolitan Detention Center ("MDC") located in the west side of Bernalillo County, New Mexico.

15. Prior to her employment with UNMH on July 26, 2023, Garcia requested, and was approved for, continuous FMLA leave to care for her elderly parents who were severely injured in a motor vehicle collision in Florida on May 24, 2023. The leave was approved by the third-party administrator for YesCare, Sedgwick, on June 30, 2023. The approved FMLA leave period was June 23, 2023 through August 4, 2023.

16. In June or July 2023, Garcia expressed interest in an interim director position which was posted. She was told by Mary Perez of UNMH that they would not consider her for the job because they had heard that she would not have time to do it because of her FMLA leave.

17. In July 2023, Garcia again asked for a longer term intermittent FMLA leave. Garcia no longer needed continuous FMLA leave but would still need leave to help her parents convalesce and attend doctors appointments.

*Original Complaint* - 3

18. Her July request was approved for intermittent FMLA leave to care for her elderly parents from July 12, 2023 through January 11, 2024. This leave would allow her to take off work during each week to attend one appointment or to attend to her parents for a total of one "episode" per week if they needed help in their day-to-day work.

19. On July 18, 2023, Garcia sent an email to Silos informing UNMH that she has been on FMLA. Silos replied to Garcia that Silos was "finding out information regarding the FMLA and will let you know."

20. On July 20, 2023, Nick Bodnar of UNMH sent Garcia an email informing her she was not eligible for FMLA because in order to qualify she "must have worked for [UNMH] for at least 12 months in the past 7 years **and** have worked a total of 1250 hours in the past 12 months. Since you have not been working for UNMH, you will not meet the 1250 hours worked requirement."

21. Garcia was confused and contacted the U.S. Department of Labor ("USDOL"). The representative at the USDOL assured her that she was eligible and had a right to receive FMLA leave because UNMH was a successor in interest to YesCare – having obtained the same contract for the same services at MDC.

22. On July 31, 2023, Garcia emailed Bodnar that the "Labor Board" had informed her that UNMH was required to honor her FMLA. Bodnar responded and asked Garcia for documentation from the Labor Board. Bodnar also stated that UNMH was "not a successor employer" for purposes of honoring Garcia's FMLA.

23. On August 4, 2023, Garcia emailed Bodnar the approval letter from Sedgwick for intermittent leave. Bodnar responded on August 7, 2023 and told Garcia she still was not eligible for FMLA benefits.

24. On August 10, 2023, Garcia provided UNMH with a copy of 29 CFR §825.107 which outlines the elements to be assessed in determining whether a new employer is a successor in interest to the prior employer for purposes of FMLA benefits. Garcia never received a response.

25. Garcia's job duties and conditions of employment with UNMH were nearly identical to her job duties and conditions of employment with her prior employer, YesCare. Garcia's job duties and conditions of employment satisfy every element listed in 29 CFR §825.107(a)(1-8).

26. On August 11, 2023, UNMH terminated Garcia's employment. UNMH's reasons for termination were based on false and pretextual reasons. Its real reason for her termination was in retaliation for and interference of her exercise of rights under the FMLA.

27. The reason for Garcia's termination was pretextual. In fact, in November 2023, the USDOL determined that UNMH's stated reason for Garcia's termination was pretextual and that Garcia had been denied FMLA benefits to which she was entitled.

## CAUSE OF ACTION

### Family and Medical Leave Act

28. The Family and Medical Leave Act contains two distinct provisions: (1) an entitlement clause; and (2) an anti-discrimination/non-interference clause. *See* 29 U.S.C. §§ 2612, 2615. The entitlement clause provides a series of entitlements which give certain rights to employees such as the right to have their job back once they return from a qualified leave. The FMLA also contains provisions that prevent an employer from retaliating against an employee for taking FMLA leave. *See* 29 U.S.C. § 2615(a) *and* (b). Defendant is in willful violation of the FMLA. Defendant violated 29 U.S.C. § 2612, §2614 and 29 U.S.C. § 2615(a) and 29 U.S.C. § 2615(b).

29. In addition, 29 CFR §825.107 outlines the elements to be considered when determining whether a new employer is a Successor in Interest to a prior employer for purposes of FMLA. Plaintiff's benefits and conditions of employment, and the continuous nature of her employment from the prior employer to the new employer, meet all of the elements listed in 29

CFR §825.107(a)(1-8).

30. Plaintiff availed herself of a protected right under the FMLA and was subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendant's decision to terminate Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to terminate, and, as such, was a cause of Plaintiff's damages, as set forth below.

31. Defendant's decision to refuse Plaintiff's FMLA leave and to terminate her also interfered with her rights under the FMLA.

32. In addition, an employee who takes FMLA leave \shall be entitled, on return from such leave, to be restored by the employer to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. *See* 29 U.S.C. §2614(a)(1). Furthermore, the taking of FMLA leave under section 2612 shall not result in the loss of any employment benefit accrued prior to the date on which the leave commended. *See* 29 U.S.C. §2614(a)(2). Defendant has violated these provisions of the FMLA by terminating Plaintiff while she was on FMLA and refusing to reinstate her into her position following her FMLA leave.

## DAMAGES

33. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including, but not limited to, past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to

character and reputation, and other pecuniary and non-pecuniary losses.

## **COMPENSATORY DAMAGES**

34. Defendant intentionally engaged in an unlawful employment practice by retaliating against Plaintiff because of her engagement in protected activity. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## **LIQUIDATED DAMAGES**

35. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described above.

## **ATTORNEYS' FEES AND EXPERT FEES**

36. A prevailing party may recover reasonable attorneys' and experts' fees under the FMLA. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## **JURY DEMAND**

37. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

i.  The Court assume jurisdiction of this cause;

ii. The Court award Plaintiff damages as specified above;

iii. The Court award Plaintiff reinstatement or, in the alternative, front pay;

iv. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

v. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

vi. The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Signed: October 21, 2024

Respectfully submitted,

BENOIT LEGAL, P.L.L.C.
311 Montana, Ste. B
El Paso, Texas 79902
(915)532-5544
(915)532-5566 Fax

  */s/ Christopher Benoit*
**Christopher Benoit**
chris@coylefirm.com

and

ANDY RAY LAW, LLC
P.O. Box 640
Tijeras, New Mexico 87059
(505) 847-3300

  */s/ James A. Ray*
**James A. Ray**
andy@andyraylaw.com